```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

MERVIN C. SANTIAGO BATISTA,    :

     Petitioner,               :

v.                             :    CIVIL ACTION NO. 05-00262-BH-B

STATE OF ALABAMA, et al.,      :

     Respondents.              :
```

## REPORT AND RECOMMENDATION

Mervin C. Santiago Batista has petitioned the Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner asserts that he was arrested on March 29, 2005, without an arrest warrant and without being advised of his Miranda rights, that he was incarcerated at the Escambia County Correctional facility, and that he was charged with being a fugitive from justice from the Commonwealth of Puerto Rico. (Doc. 1). According to Batista, on April 20, 2005, Judge Joseph Brogler, of the Escambia County Court, ordered him detained for thirty (30) days, and as of May 2, 2005, when he filed his petition, he was still being held in jail in violation of Judge Brogler's order. Batista also alleges that he was denied a telephone call to his family and a visit by this sister. He also voices other concerns regarding the conditions at the jail and his treatment by the jail staff. (Id.).

In an Amended Petition (Doc. 4) filed on July 12, 2005,

Plaintiff avers that he was held in the jail for sixty-eight (68) days, for extradition to the Commonwealth of Puerto Rico, that the extradition proceedings were dismissed, and that he was released from custody on June 6, 2005. (Id.). As grounds for his petition, Plaintiff asserts that he was unlawfully arrested without a warrant and without being advised of his Miranda rights, that the prosecution failed to disclose any evidence to him, and that he was denied counsel.

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (a). Moreover, courts have recognized that individuals have a federal right to challenge their extradition by writ of habeas corpus. Harden v. Pataki, 320 F.3d 1289, 1293 (11th Cir. 2003).

Although Batista's pleadings are not the model of clarity, it appears that at the time he filed his petition, Batista was in custody in connection with efforts to have him extradited to Puerto Rico. While his petition was pending however, the extradition proceedings were dismissed, and he was released from custody. (Doc. 4). Because Batista is no longer in custody, this Court must determine whether Batista's petition has been rendered moot by his release from custody.

The law is now settled that release from custody renders a habeas action moot unless the petitioner can show the existence of some collateral consequences arising from the expiration of his sentence.  Spencer v. Kemna, 523 U.S. 1, 14, 118 S. Ct. 978, 986, 140 L. Ed. 2d 43 (1998).  In other words, once a habeas petitioner has been released from imprisonment, the petitioner must establish that "some 'collateral consequence' of the conviction" exists.  Id. at 7.  In Spencer, the Supreme Court did not presume that collateral consequences resulted, but analyzed whether the petitioner had demonstrated the existence of such consequences.  Id. at 14.  See also Mattern v. Sec'y for the Dep't of Corr., 494 F.3d 1282, 1285 (11th Cir. 2007).

The instant case has been rendered moot by Batista's release from custody.  Not only is Batista unable to point to any 'collateral consequence' of a conviction, but he has received that to which he would have been entitled had he prevailed under the habeas statute, namely his release[1].  See Haden v. Pataki, 320 F.3d 1289, 1299  (11th Cir. 2003)(noting that upon extradition, federal habeas corpus is no longer available to a person extradited in violation of his or her federally protected rights); Barton v. Norrod, 106 F.3d 1289, 1298 (6th Cir. 1997)("Once the fugitive is

---

[1] To the extent Batista is claiming damages for violation of his federally protected extradition rights, it appears that 42 U.S.C. § 1983 would be the proper vehicle for such claims.  See Harden, 320 F.3d at 1301.

3

returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue."); Siegel v. Edwards, 566 F. 2d 958, 960 (5th cir. 1978)("Once a fugitive has been brought within custody of the demanding state, legality of extradition is no longer proper subject of any legal attack by him.").  Accordingly, because the extradition proceedings against Batista were dismissed, and he was released from custody, his habeas petition has become moot. Therefore, the undersigned RECOMMENDS that Batista's petition be dismissed as MOOT.

## CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Petitioner's petition for habeas corpus relief should be dismissed as MOOT.  It is so recommended.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **16th** day of **May, 2008.**

                                                  /s/SONJA F. BIVINS
                                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   <u>**Objection**</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   <u>**Opposing party's response to the objection.**</u>  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   <u>**Transcript (applicable where proceedings tape recorded)**</u>.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     DONE this **16th** day of **May, 2008.**

                                             <u>     /s/SONJA F. BIVINS     </u>
                                             **UNITED STATES MAGISTRATE JUDGE**